# ORIGINAL

# In the United States Court of Federal Claims

### No. 02-0159V
Filed: December 30, 2013
Not to be Published

**FILED**

DEC 3 0 2013

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JONATHAN MALLAM, | * |
| by his Mother and Next Friend, | * |
| LINDA MALLAM, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Autism; Attorneys' Fees and Costs

* * * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 6, 2011, petitioner filed a motion for attorneys' fees and costs[2] in this case. Respondent opposed the motion, arguing that fees and costs should not be awarded in untimely filed cases.[3] Because this issue was pending before the U.S. Supreme Court, the special masters deferred ruling on fee applications in approximately

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] Petitioner's motion also included a request from petitioner's former counsel to withdraw as counsel of record. Motion at 5-6. I granted the request on December 13, 2011 and petitioner proceeded as a *pro se* petitioner.

[3] Respondent also opposed the motion because the attorneys' fees and costs requested were interim. *See* Response, filed Oct. 20, 2011, at 1-2, 5. Since the case has concluded and judgment entered on June 27, 2012, the attorneys' fees and costs requested are now final. Thus, respondent's objection to the interim nature of the fees and costs is moot.

1,000 Omnibus Autism Proceedings ("OAP") cases.  Thus, a ruling on petitioner's motion in this case was deferred.

Following the Supreme Court's decision,[4] respondent's counsel and petitioners' counsel from the five law firms with the greatest number of pending motions discussed a procedure to avoid the lengthy litigation required to assess whether each case was filed in good faith and with a reasonable basis.  Respondent will withdraw her objection to the payment of attorneys' fees and costs in cases which were filed when the minor child was 78 months of age or younger with two caveats.[5]  Petitioners' counsel will withdraw all motions for fees and costs in cases which were filed when the minor child was older than 78 months of age or which fall under either caveat.  The procedure applies only to cases in the OAP and should not be construed as evidence that the parties are abandoning any legal arguments they may make in other cases.

Petitioner's former counsel in this case has decided to follow this procedure. Because the case was filed when the minor child was 78 months of age or younger and does not fall under either of respondent's caveats, respondent has withdrawn her objection to payment of attorneys' fees and costs.  Additionally, respondent does not oppose the amount of fees and costs requested.

Petitioner seeks attorneys' fees and costs in the amount of $4,812.50 for work performed by Conway, Homer & Chin-Caplan, P.C. and $200.00 for work performed by Williams Kherkher for a total of $5,012.50.  In lieu of filing a Vaccine General Order #9 statement, petitioner's former counsel represents that he will reimburse petitioner any costs that petitioner personally incurred that are compensable under § 15 (e)(1).

**Pursuant to §15(e), I hereby award a lump sum of $5,012.50[6] to be paid in the form of a check payable jointly to the petitioner and petitioner's former counsel, Conway, Homer & Chin-Caplan, P.C.  The check shall be mailed to**

---

[4] The Supreme Court held that a "petition found to be untimely may qualify for an award of attorney's fees if it is filed in good faith and there is a reasonable basis for its claim." *Sebelius v. Cloer*, 133 S.Ct. 1886, 1896-97 (2013).

[5] The first caveat is that respondent will continue to object in any case where the filed medical records show that there was a diagnosis outside the statute of limitations.  The second caveat applies to those cases, in which the claim lacked a reasonable basis for reasons unrelated to timely filing.  For example, if the minor vaccinee received only a hepatitis B vaccine at birth and no additional vaccines were administered, respondent may continue to object because the period between vaccination and onset of symptoms at 15 months of age is unreasonable.

[6] This amount is intended to cover all legal expenses incurred by petitioner's former counsel, Conway, Homer & Chin-Caplan, P.C. and Williams Kherkher in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

2

petitioner's former counsel at the following address:  Conway, Homer & Chin-Caplan, P.C., 16 Shawmut Street, Boston, MA 02116.

The Clerk shall mail a copy of this decision to petitioner at her address of record and another copy to petitioner's former counsel at the address where the check is to be mailed.

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[7]

IT IS SO ORDERED.

Denise K. Vowell by,
Christian J. Moran, Special Master

**Denise K. Vowell**
Chief Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).